PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STARK-TUSC-WAYNE JOINT SOLID WASTE MANAGEMENT DISTRICT, *et al.*, | ) ) ) ) | CASE NO. 5:10CV00119 |
| Plaintiffs, | ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) ) | |
| AMERICAN LANDFILL, INC., *et al.*, | ) ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** (Resolving ECF No. 60) |

Plaintiffs[1] filed this action against USA Waste-Management Resources, LLC ("WM Resources"); WM Corporate Services, Inc. ("WM Corporate"); Waste Management National Services, Inc. ("WM National"); and Waste Management of Ohio, Inc. ("WM Ohio") (collectively referred to as the "Moving Defendants"); as well as American Landfill, Inc. ("ALI"); and Waste Management, Inc.("WMI") (collectively "Defendants") pursuant to 42 U.S.C. § 6972(a)(1)(A) and (B), alleging violations of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, *et seq.*, and Ohio law pertaining to solid waste management. ECF No. 50. Plaintiffs' First Amended Complaint alleges that Defendants improperly handled and disposed of solid and hazardous waste, hazardous waste constituents, landfill gas, leachate, contaminants and other hazardous substances at ALI. 50 at 3, ¶3. Plaintiffs are seeking injunctive relief in numerous forms. ECF No. 50 at 32-34.

---

[1] Plaintiffs in the instant matter include:  Stark-Tuscarawas-Wayne Joint Solid Waste Management District; Citizens Against American Landfill Expansion; Jill Van Voorhis; and Vivian Baier. *See* ECF No. 50 at 4-7.

(5:10CV00119)

In this environmental action, the Moving Defendants seek to dismiss the matter pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) for lack of subject matter and personal jurisdiction. ECF No. 60. Plaintiffs have filed an opposition (ECF No. 78); Moving Defendants have replied (ECF No. 84). For the following reasons, the Court grants the Moving Defendants' motion as to lack of subject matter jurisdiction and denies the remaining jurisdictional claims as moot.

**I. Factual and Procedural Background**

Plaintiff Stark-Tuscarawas-Wayne Joint Solid Waste Management District is a joint solid waste management district. ECF No. 50 at 4. It was established pursuant to Ohio law as a political subdivision for the purposes of preserving and promoting public welfare by providing safe and sanitary management of solid wastes within all of the incorporated and unincorporated territory of Stark, Tuscarawas and Wayne Counties. ECF No. 50 at 4. Defendants own and/or operate a disposal waste facility ("Facility") in Waynesburg, Ohio, disposing of solid and hazardous waste.[2] ECF No. 50 at 2-3. Plaintiffs are concerned about the operations of the Facility–specifically, the environmental and human health effects of Defendants' handling, storage, treatment, transportation, and disposal of solid or hazardous waste. ECF No. 50 at 3, 5.

---

[2] Plaintiffs explain that the Facility includes all areas operated over the various years under the names "Breitenstine Landfill," "ALI," and/or "American Landfill, Inc." The term "Facility" also includes all contiguous land and structures, other appurtenances, and improvements on the land used for the disposal of solid waste, including, but not limited to: leachate and/or condensate collection; handling or storage; waste mixing; waste disposal or other waste handling activities. ECF No. 50 2-3.

(5:10CV00119)

Plaintiffs took action on or about June 30, 2009, by serving a notice of violations of the RCRA and Ohio's solid and hazardous waste laws, along with an intent to file a citizen enforcement suit against ALI, WMI, WM Ohio, and Waste Management Holdings, Inc., as required by the RCRA notice provisions.[3] ECF Nos. 78-2 at 2; 50 at 25, 31-32; *see* 42 U.S.C. § 6792(b). The notice letter explained that "chemical constituents in the gas and leachate generated from the hazardous and solid wastes and mixtures of such wastes disposed of at the Facility . . . are escaping the Facility . . . [and] are contaminating the groundwater, air, soil, and surface water in the vicinity of the Facility." ECF No. 78-2 at 4. Further, the notice letter stated that such contamination is a result of ALI's and WMI's "improper handling treatment, storage, disposal and discharge of pollutants" that may present an imminent and substantial endangerment to human health and the environment, in violation of 42 U.S.C. § 6972(a)(1) and Ohio law. ECF No. 78-2 at 4, 8-15. The notice letter also alleged that WM Ohio, Waste Management Holdings, Inc., and other WMI subsidiaries are further responsible for the current and ongoing violations. ECF No. 78-2 at 16. In sum, the purpose of the notice was to seek injunctive relief abating the alleged endangerment and require ALI, WMI, and the WMI subsidiaries to take corrective measure. ECF No. 78-2 at 16.

---

[3] The RCRA is a "comprehensive environmental statute that governs the treatment, storage, and disposal of solid and hazardous waste." *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 483 (1996) (internal citations omitted). The RCRA's primary purpose is to "reduce the generation of hazardous waste" in the first instance, "and to ensure the proper treatment, storage, and disposal" of whatever waste is nonetheless generated "so as to minimize the present and future threat to human health and the environment." *Id.* (quoting 42 U.S.C. § 6902(b)).

(5:10CV00119)

On January 19, 2010 Plaintiffs filed their original Complaint. ECF No. 1. The Complaint contained allegations similar to those that Plaintiffs set forth in their notice letter. Thereafter, Plaintiffs filed an Amended Complaint adding new party defendants, *i.e.*, the Moving Defendants, on April 8, 2011.[4] ECF No. 50. In response, the Moving Defendants motioned to dismiss the matter for two jurisdictional reasons: (1) lack of subject matter jurisdiction because Plaintiffs' notice letter did not sufficiently comply with mandatory statutory notice requirements and (2) lack of personal jurisdiction.[5] ECF No. 60.

## II. Discussion

### A. Standard of Review

Fed.R.Civ.P. 12(b)(1) provides for dismissal of a claim for lack of subject matter jurisdiction that may consist of either a "facial attack" or a "factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Id.* at 375-76. "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *U.S. v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). In a factual challenge, the pleading itself may have adequately alleged the presence of subject matter jurisdiction, but the actual facts and allegations

---

[4] The Moving Defendants are all subsidiaries of WMI. ECF No. 50 at 4-11. The docket reflects that the June 2009 notice was the only notice letter served in the instant matter. *See* ECF No. 60-2 at 3.

[5] The Moving Defendants' lack of personal jurisdiction claim is limited to Defendants WM Resources and WM Corporate. ECF No. 60-1 at 10-17. The Court's discussion will first focus upon allegations of the lack of subject matter jurisdiction argument.

(5:10CV00119)

before the court may belie that averment and compel dismissal. See *Ohio Nat. Life. Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990).

In the instant matter, the Moving Defendants' motion presents a factual attack. ECF No. 60-1 at 8. When the motion presents a factual attack, the allegations in the complaint are not afforded a presumption of truthfulness and the court weighs the evidence to determine whether subject matter jurisdiction exists. *Ritchie*, 15 F.3d at 598 (internal citations omitted). On a factual attack, the court has broad discretion to consider extrinsic evidence, including affidavits and documents, and can conduct a limited evidentiary hearing if necessary. See *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325 (6th Cir. 1990). The instant motion lodges a factual challenge.

**B. The Notice Requirement**

Under the RCRA, any person may commence a civil action on his own behalf against any person, "who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment[.]" See 42 U.S.C. § 6972(a)(1)(B). Such a claim requires the plaintiff to provide notice of a violation at least ninety (90) days prior to commencing the lawsuit to the following: (1) the Administrator; (2) the state in which the alleged violation occurred; and (3) to any person alleged to have contributed or to be contributing to the past or present handling, storage, treatment, transportation, or disposal of any

5

(5:10CV00119)

solid or hazardous waste.[6]  42 U.S.C. § 6972(b)(2)(A)(i-iii).  Compliance with the notice requirements of the RCRA is a mandatory condition precedent for suit.  *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 28-9, 33 (1989); *see also Walls v. Waste Resource Corp.*, 761 F.2d 311, 316 (6th Cir. 1985).

The Supreme Court has explained that notice and delay requirements such as these were designed by Congress "to strike a balance between encouraging citizen enforcement of environmental regulations and avoiding burdening the federal courts with excessive numbers of citizen suits."  *Hallstrom*, 493 U.S. at 29.  Requiring citizens to comply with the notice and delay requirements serves this Congressional goal in two ways:

> First, notice allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits.  Second, notice gives the alleged violator "an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit.  This policy would be frustrated if citizens could immediately bring suit without involving federal or state enforcement agencies.

*Hallstrom*, 493 U.S. at 29 (citing and quoting *Gwaltney of Smithfield, Inc. v. Chesapeake Bay Foundation, Inc.*, 484 U.S. 49, 60 (1987)).

### 1. Contents of Notice

The RCRA does not describe the required content of the notice letter.  The Environmental Protection Agency ("EPA") has promulgated requirements for proper notice, which are set forth in Title 40 of the Code of Federal Regulations ("C.F.R."), Chapter 1, § 254.  The Sixth Circuit

---

[6] Suits brought under subsection (a)(1)(A), such as an open dumping claim, are subject to the same notice requirements; however, the applicable delay period is sixty (60) days instead of ninety (90) days.  42 U.S.C. § 6972(b)(1)(A).

(5:10CV00119)

has stated that "regulations published in the Code of Federal Regulations have the force and effect of law . . . ." *Moody v. U.S.*, 774 F.2d 150, 156 (6th Cir. 1985) (internal citations and quotations omitted).  Pursuant to the regulation, the notice shall include:

> sufficient information to permit the recipient to identify the specific permit, standard, regulation, condition, requirement, or order which has allegedly been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the date or dates of the violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 254.3(a).

Without detailing what constitutes "sufficient information," the Sixth Circuit held that a notice letter's contents must give the appropriate governmental agencies an opportunity to act and the alleged violator to an opportunity to comply.  *Walls*, 761 F.2d at 317 ("[t]he citizen suit notice provisions were intended to give the EPA an opportunity to resolve issues regarding the interpretation of complex environmental standards by negotiation, unhindered by the threat of an impending private lawsuit.").  The Congressional goals described in *Hallstrom* and echoed in *Walls* are defeated when the notice, due to its vagueness or its lack of essential detail, does not provide the alleged violator with enough information upon which it can act.  *Hallstrom*, 493 U.S. at 26, 30-32; *Walls*, 761 F.2d at 317.

Whether the notice letter satisfies the "sufficient information" requirement with respect to the Moving Defendants is the principle concern before the Court.  In light of the Sixth Circuit's statutory guidance, the Court will separately consider each facet of the regulation describing notice content.

(5:10CV00119)

### a. Sufficient Information to Permit the Recipient to Identify the Specific Permit, Standard, Regulation, Condition, Requirement, or Order which has Allegedly been Violated

Plaintiffs argue that the following portion of the notice letter provides the Moving Defendants with sufficient information:

> WMI is the sole shareholder of a Delaware corporation named Waste Management Holdings, Inc. ("WM Holdings"), also headquartered in Houston, Texas. WM Holdings, in turn, is the sole shareholder of Waste Management of Ohio, Inc. (["]WMO"), which is an Ohio corporation. ALI, an Ohio corporation, is a wholly-owned subsidiary of WMO. WM Holdings, WMO and other WMI subsidiaries (collectively the "WMI Subsidiaries") also engaged in and are responsible for the activities, current and ongoing violations, actual and threatened human and environmental exposure, and air, soil, groundwater and surface water contamination described above. The factual and legal details of Waste Management's current and past control of these entities are best known by WMI and such related entities.

ECF Nos. 78 at 10-11; 78-2 at 16. Plaintiffs further contend that the aforementioned information permits Don Carpenter, Vice President of WMI and WM Ohio and the recipient of the notice letter, to identify the person or persons responsible for the alleged violations. ECF No. 78 at 4, 11 ("Carpenter, as recipient of the notice, would have no difficulty in understanding that WM Resources and WM Corporate were the WM subsidiaries responsible for the activities identified in the notice, given that he was president of both of those entities.").

The Moving Defendants argue that Plaintiffs' generic, catch-all reference to the Moving Defendants does not serve the fundamental purpose of giving the appropriate governmental agencies an opportunity to act and the alleged violator an opportunity to comply because Plaintiffs failed to: (1) identify the Moving Defendants by name, not including WM Ohio; and (2) ascribe any specific, unlawful conduct in violation of a specific regulation to potentially cure.

(5:10CV00119)

ECF No. 84 at 5-6.  The Moving Defendants highlight that, in contrast, Plaintiffs devoted fourteen out of seventeen pages to detailing ALI's and WMI's allegedly unlawful conduct in connection with specific code provisions.  ECF Nos. 84 at 5; 78-2.  Accordingly, the Moving Defendants contend that Plaintiffs' notice letter, as to them, is contrary to the contents notice provision because it fails to identify a specific regulatory violation.  ECF No. 84 at 7.

Plaintiffs' catch-all, single-sentence assertion fails to satisfy the statute and the precedential purpose of providing notice.  *See* ECF No. 78-2 at 16 ("[The WMI Subsidiaries] also engaged in and are responsible for the activities, current and ongoing violations, actual and threatened human and environmental exposure, and air, soil, groundwater and surface water contamination described above.").  The specific and numerous regulatory violations discussed within the first fifteen pages of the notice letter exclusively and narrowly stem from ALI's and WMI's activity, leaving one uninformed which alleged regulatory violations, if any, apply to the Moving Defendants.  *See* ECF No. 78-2 at 1-15.  As a result, Plaintiffs' notice letter does not provide the Moving Defendants with sufficient information of a specific regulatory violation.

### b. The Activity Alleged to Constitute a Violation

The Moving Defendants argue that Plaintiffs did not clearly allege that the Moving Defendants' activity constituted a violation, but rather conclusively stated that the Moving Defendants engaged in unlawful conduct and relied upon the recipients ability to identify the subsidiaries responsible for the activity and the activity itself.  ECF No. 84 at 6.  Stated differently, generically claiming that "other WMI subsidiaries" are also responsible for alleged violations without providing any description of unlawful conduct attributable to that entity is

9

(5:10CV00119)

insufficient information. The recipient must be given enough detail about the alleged violation so that it can be corrected. *Walls*, 761 F.2d at 316-317. Plaintiffs' general reference to air, soil, groundwater and surface water contamination fails to specifically identify the Moving Defendants' activity that constitutes a violation and does not provide the Moving Defendants with information upon which it can act.[7] *See* 40 C.F.R. § 254.3; *see also Sierra Club v. Hamilton County Bd. of County Com'rs,* 504 F.3d 634, 644 (6th Cir. 2007) (detailing the sufficiency of notice pursuant to the Clean Water Act, relying upon the Code of Federal Regulation's "sufficient information" requirement).[8]

---

[7] Plaintiffs' notice letter throughly delineates ALI's and WMI's alleged unlawful activity. *See* 78-2 at 1-15.

[8] In *Sierra Club*, the Sixth Circuit discusses the Congressional compromise between encouraging citizen enforcement and avoiding an excessive number of citizen suits under the Clean Water Act ("CWA"). Courts have viewed the CWA notice requirements as analogous to the RCRA notice requirements, as they are similar in nature and have almost identical language. *See, e.g.*, 40 CFR § 254.3(a) (RCRA) and 40 CFR § 135.3(a) (CWA). *See also Hallstrom*, 493 U.S. at 28; *Walls*, 761 F.2d at 316.

Plaintiffs point out RCRA relies upon the notice provision for citizen suits contained in 42 U.S.C. § 6972(c), while CWA's notice provision for citizen suits is contained in 33 U.S.C. §1365(b). Plaintiffs argue these statutory notice provisions are different— the CWA provisions require notice content to adhere to administrative guidelines, the RCRA statute does not. ECF No. 78 at 12-3. A reading of the full applicable statutes does not inform the Court conclusively that this is the case. Rather, the statutes both contain specific notice provisions and require that "[n]otice under this subsection shall be given in such a manner as the Administrator shall prescribe by regulation." 42 U.S.C. § 6972(c); 33 U.S.C. §1365(b).

The "subsection" referred to in the aforementioned sentence appears to be the notice subsection itself. In a previous sentence, section 6972(c) discusses "paragraph (a)(2);" section 1365(b) discusses "sections 1316 and 1317(b)." Plaintiffs do not believe the notice requirement in section 1356(b) only applies to sections 1316 and 1317(b) —yet Plaintiffs urge the Court to read the notice requirement in section 6972(c) as only applying to paragraph (a)(2). ECF No. 78 at 12-3. Without more, the Court declines to do so.

10

(5:10CV00119)

### c. The Person or Persons Responsible for the Alleged Violation

Plaintiffs' notice letter described the "WMI Subsidiaries" as Waste Management Holdings, Inc., WM Ohio., and "other WMI subsidiaries." ECF No. 78-2 at 16. In their response to the Moving Defendants motion, Plaintiffs explain that the "WMI Subsidiaries" responsible for the alleged violation include WM Resources and WM Corporate. ECF No. 78 at 3. According to Don Carpenter's affidavit, WM Corporate was formed in 2010. ECF No. 60-2 at 2, ¶7. Plaintiffs sent their notice letter on June 30, 2009. ECF No. 78-2. Plaintiffs are, therefore, mistaken in their contention that "WMI Subsidiaries" includes WM Corporate because the entity did not exist at the time Plaintiffs sent the notice letter. Similarly, because WM Resources was not identified, the Moving Defendants are left to speculate as to the person or persons responsible for the alleged violation. ECF No. 84 at 5-6. Plaintiffs' failure to identify and link the individual Moving Defendants to any particular statutory violation is insufficient and contrary to the Congressional goals described above.

### d. The Date or Dates of the Violation

Plaintiffs' notice letter does not include specific dates of the WMI Subsidiaries' alleged violations. Instead, Plaintiffs stated that the WMI Subsidiaries are engaged in "current and ongoing violations." ECF No. 78-2 at 16. In *Frilling v. Honda of Am. Mfg., Inc.*, the court held that allegations stating that a violation occurred on a "nearly daily" basis and that other violations occurred on a "continuous" or "intermittent" basis are "insufficient to satisfy the requirement that the Plaintiffs provide sufficient information to allow the Defendant to identify the date or dates of the alleged violations." *Frilling*, Case No. C-3-96-181, 1996 WL 1619348, *6 (S.D. Ohio Oct.

11

(5:10CV00119)

21, 1996) (analyzing notice content pursuant to the Clean Water Act).  Here, Plaintiffs' failure to identify the date or dates of the alleged violations suggests that the WMI Subsidiaries are required to examine their records within an ambiguous time frame, which is contrary to the sufficient information requirement described above.  Therefore, Plaintiffs' lack of essential detail as to specific dates of the alleged violations does not the provide the Moving Defendants with enough information upon which it can act.  40 CFR § 254.3; *Hallstrom*, 493 U.S. at 26, 30-32; *Walls*, 761 F.2d at 317.

      The Court finds that Plaintiffs' notice letter failed to provide the Moving Defendants with sufficient information in order to identify the specific regulation they allegedly violated; the person or persons responsible for the alleged violation; and the date or dates of the violation.  Additionally, the notice letter is contrary to the Congressional goals described in Supreme Court and Sixth Circuit precedent.  As a consequence of the EPA's duly authorized regulation, the instant Court does not have subject matter jurisdiction over the Moving Defendants.

      Importantly, the dismissal of the Moving Defendants from the action will not prohibit Plaintiffs from giving appropriate notice to such Defendants and filing its suit in compliance with RCRA's notice and delay requirements upon future discovery of potential violations of the federal environmental laws.  *See Hallstrom*, 493 U.S. at 32.

### 2. Service of Notice and Personal Jurisdiction

      The EPA has also promulgated a service of notice regulation.  *See* 40 C.F.R. 254.2(a).  In addition to a contents of notice claim, the Moving Defendants argue that Plaintiffs' service of notice was inadequate.  ECF Nos. 60-1; 84.  Because the Court has determined that it lacks

(5:10CV00119)

subject matter jurisdiction over the Moving Defendants, the Court need not reach the Moving Defendants other jurisdictional claims.

### III.  Conclusion

Because Plaintiffs' notice letter failed to provide the Moving Defendants, including WM Ohio–the only Moving Defendant named in the notice–with sufficient information as required by Congress, the Court grants the Moving Defendants' motion as to lack of subject matter jurisdiction and denies the remaining jurisdictional claims as moot.  ECF No. 60.


    IT IS SO ORDERED.


September 26, 2012                          /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge