PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STARK-TUSCARAWA-WAYNE JOINT SOLID WASTE MANAGEMENT DISTRICT, *et al.*, | ) ) ) ) | CASE NO. 5:10cv119 |
| Plaintiffs, | ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| AMERICAN LANDFILL, INC., *et al.*, | ) ) | |
| Defendants. | ) ) | **MEMORANDUM OF OPINION AND ORDER** [Regarding ECF Nos. 79; 80] |

This matter is before the Court based upon Plaintiffs' Memorandum in Support of

Discovery of General Documents Relating to Landfill Gases and Leachate Produced by Landfills

(ECF No. 79) and Defendants' Memorandum in Opposition (ECF No. 80).[1]  For the reasons that

follow, the Court denies Plaintiffs' motion for the discovery of documents set forth in its

memorandum (ECF No. 79).

I.

Plaintiffs brought this action against Waste Management, Inc. ("WMI") and American

Landfill Inc. ("ALI") (collectively "Defendants"), alleging violations of the Resource

Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901, *et seq*., and Ohio law pertaining to

solid waste management.  ECF No. 50 at 3.  Plaintiffs' First Amended Complaint alleges that

---

[1] On July 5, 2011, the Court issued an Order instructing counsel to inform the Court in writing why information and documents related to the production of landfill gases and leachate by landfills, in general, is relevant to the instant matter.  *See* July 5 Minutes of Proceedings. Because Plaintiffs are asking the Court to allow discovery as to certain documents in the possession of Defendants, the Court treats the memorandum filed by Plaintiffs (ECF No. 79) as a motion.

(5:10cv119)

Defendants improperly handled and disposed of solid and hazardous waste, hazardous waste

constituents, landfill gas, leachate, contaminants and other hazardous substances at the American

Landfill.  ECF No. 50 at 3.

ALI  currently owns and operates the American Landfill, and is owned and controlled

by WMI.  ECF No. 50 at 7.  Plaintiffs allege WMI controls and manages ALI based, in part, upon

the information collected over the years at both ALI and "sister" landfills also owned and

controlled by WMI.  ECF No. 79 at 2.  Plaintiffs move the Court to allow discovery of data and

information as to these other landfills controlled and operated by Defendants.

II.

Plaintiffs argue the discovery of the data and information from Defendants' other landfills

is relevant to the instant matter because the data and information Defendants collect from the

other landfills informs and instructs Defendants as to how they should manage the American

Landfill.  ECF No. 79 at 2-3.  Plaintiffs assert they can then show what Defendants knew and

evaluate Defendants' response to problems at the American Landfill.  ECF No. 79 at 2-3.

However, the examples set forth by Plaintiffs are not illustrative of the reasons asserted.[2]

Plaintiffs appear to suggest the data from the other landfills can be compared to the American

Landfill to show whether certain conditions existed or exist at the American Landfill.  The Court

assumes that conditions at the American Landfill will be introduced using data and information

discovered about the American Landfill, and notes that any comparative study involving data

---

[2] It is not clear, for example, how leachate contamination patterns at other sites will assist
Plaintiffs in showing that the pattern of contamination at the American Landfill is actually
leachate contamination and not, as Defendants assert, brine contamination.  ECF No. 79 at 3.

2

(5:10cv119)

taken from the American Landfill can be achieved by comparing that data to industry standards

through expert witness testimony, as Defendants suggest.[3] ECF No. 80 at 4.

III.

For the reasons stated above, Plaintiff's Motion for Discovery of General Documents

Relating to Landfill Gases and Leachate Produced by Landfills is denied.

IT IS SO ORDERED.


  November 9, 2012          /s/ Benita Y. Pearson
Date                      Benita Y. Pearson
                          United States District Judge

---

[3] Defendants additionally argue that landfills vary by:  "the type and volume of waste disposed there, how the landfill was operated, the site-specific design of the engineered components of the landfill, how those components function to prevent or minimize the escape of contaminants, whether the monitoring systems in place at the landfill were properly designed and installed so that they provide early warning to the landfill and regulators that contaminants may be escaping, the location of the landfill, the climate setting of the landfill (landfills located in wetter climates have different characteristics than landfills located in drier climates), and the site-specific geologic and hydrogeologic conditions that control the potential to transport contaminants that may have escaped."  ECF No. 80 at 1-2.  Thus, Plaintiffs' argument that in order to know how much leachate Defendants should expect to be generated at the American Landfill based upon what levels are generated at Defendants' other landfills is problematic and, in any event, could be achieved using expert testimony and industry standards.  Plaintiffs have not alleged such industry standards do not exist or would somehow be insufficient for purposes of comparison.

3